# Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

ELENA BOTTS, on behalf of herself and all
others similarly situated,

       *Plaintiff,*

   v.

JOHNS HOPKINS UNIVERSITY,

       *Defendant.*

Case No. 1:20-cv-01335-JRR

**SECOND ADDENDUM TO**
**CLASS SETTLEMENT AGREEMENT AND RELEASE**

**TABLE OF CONTENTS**

1.  RECITALS ........................................................................................................................... 1
2.  DEFINITIONS.................................................................................................................... 3
3.  PRELIMINARY APPROVAL ......................................................................................... 6
4.  CLASS SETTLEMENT TERMS ..................................................................................... 7
5.  SETTLEMENT FUND....................................................................................................... 15
6.  ENTRY OF FINAL JUDGMENT AND ORDER........................................................... 19
7.  TERMINATION................................................................................................................. 20
8.  MISCELLANEOUS PROVISIONS................................................................................. 21
9.  SIGNATURES.................................................................................................................... 26

This Second Addendum to the certain Class Settlement Agreement and Release ("Settlement Agreement")[1] dated December 9, 2022 and filed at ECF 85-2 in the matter captioned *Elena Botts v. Johns Hopkins University*, No. 1:20-cv-01335-JRR, pending in the United States District Court for the District of Maryland ("Second Addendum"), is made and entered into by the Parties and their counsel as of March 29, 2024, and it is submitted to the Court for approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## 1.   **RECITALS**[2]

WHEREAS, on May 29, 2020, Named Plaintiff Elena Botts filed a class action complaint in the United States District Court for the District of Maryland, alleging breach of contract, unjust enrichment, and violation of the Maryland Consumer Protection Act by Defendant Johns Hopkins University, arising from its failure to refund certain sums received for tuition and fees with respect to in-person tuition for the Spring Semester 2020;

WHEREAS, Defendant denied and continues to deny all allegations and claims asserted against it, but entered into the Settlement Agreement, the Addendum to the Class Settlement Agreement and Release dated July 31, 2023, and enters into this Second Addendum to avoid the risk, burden and expense of continued litigation;

WHEREAS, the Settlement Agreement, Addendum, and this Second Addendum were reached after the Parties exchanged voluminous discovery and documents and information, and are each the product of sustained, arm's-length settlement negotiations and formal mediation;

---

[1]     Capitalized terms are defined in Section 2, *infra*.

[2]     The Parties stipulate and agree that the certain Recitals set forth in the Settlement Agreement and Addendum are hereby deemed incorporated by reference as though set forth at length herein.

WHEREAS, the Court held a final approval hearing on April 17, 2023 and, on April 20, 2023, finally approved the Settlement Agreement as to the Group of 8,603 via the entry of an Order at ECF 96;

WHEREAS, the Court held a final approval hearing on December 13, 2023 and, on that date, finally approved the Addendum, as amended by the Rider, as to the Additional Students via the entry of an Order at ECF 110;

WHEREAS, subsequent to entering into the Addendum, Defendant reported the discovery of additional members of the Settlement Class to whom notice had not been sent;

WHEREAS, Class Counsel requested, and Defendant provided confirmatory discovery concerning the discovery of these additional class members;

WHEREAS, confirmatory discovery undertaken by the Parties has confirmed a verified population of 2,607 additional individuals that had previously gone unidentified and that should be added to the Settlement Class (the "Second Group of Additional Students");

WHEREAS, Defendant identified the Second Group of Additional Students through the use of expanded enrollment search parameters, including students who enrolled in Spring 2020 classes after the second week of the semester, the census date that had been previously used to identify the Group of 8,603 and the Additional Students, and by conducting a manual, file-by-file review of all remaining students identified using the expanded search parameters with the assistance of an outside consultant supervised by Defendant's Director of Student Accounts;

WHEREAS, Defendant's Director of Student Accounts validated the analysis performed to identify the Second Group of Additional Students through consultation with Defendant's Institutional Research and Student Financial Services, concluding and confirming that the members of the Second Group of Additional Students fall within the parameters of the Settlement Class;

2

WHEREAS, the Parties recognized and continue to recognize that the outcome of this matter is uncertain, and that a final resolution through the litigation process would require protracted adversarial litigation and appeals; substantial risk and expense; and

WHEREAS, the Parties believe that this Second Addendum to the Settlement Agreement is fair, reasonable, and adequate in its resolution of the claims brought because it provides for a monetary payment to the members of the Second Group of Additional Students in exchange for releases that also are tailored to the specific claims made against Defendant, which payment and releases are identical in form and proportionate in substance to that provided to and by members of the Group of 8,603 and the Additional Students;

NOW, THEREFORE, it is hereby stipulated and agreed by the undersigned on behalf of Named Plaintiff, the Second Group of Additional Students, and the Defendant that this matter and all claims of the Second Group of Additional Students be settled, compromised, and dismissed on the merits and with prejudice as to Defendant, subject to Court approval, as required by Rule 23 of the Federal Rules of Civil Procedure, on the terms and conditions set forth herein.

The recitals above are true and accurate and are a part of this Second Addendum.

## 2.     **DEFINITIONS**

For the purposes of this Second Addendum, including the recitals stated above, the following terms will have the following meanings, which are independent of and do not supersede the definitions set forth in Section 2 of the Settlement Agreement unless otherwise noted:

2.1     "Additional Students" means the 2,248 members of the Settlement Class identified by Defendant after the parties entered into their Settlement Agreement as set forth in the Rider.

2.2     "CAFA Notice" means notice of this settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Section 4.1.5.

3

**2.3**     "Class Counsel" means James A. Francis, John Soumilas, Kevin C. Mallon, and Jordan M. Sartell of Francis Mailman Soumilas, P.C. and Courtney Weiner of the Law Office of Courtney Weiner PLLC, representing the Named Plaintiff and the Settlement Class.

**2.4**     "Class" or "Settlement Class" means the students who paid Johns Hopkins Spring Semester 2020 tuition and/or fees for in-person educational services, whose tuition and fees have not been refunded. The Settlement Class does not include counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, or employees of the Federal judiciary.

**2.5**     "Class Notice Plan" means the plan for providing notice of this settlement to the Second Group of Additional Students under Federal Rules of Civil Procedure 23(c)(2)(A) and (e)(1), as set forth in Section 4.1.

**2.6**     "Class Released Claims" means those claims that the Settlement Class is releasing against the Released Parties, as set forth in Section 4.3.

**2.7**     "Settlement Website" means the Internet website established by the Settlement Administrator as described in Section 4.1.4.

**2.8**     "Court" means the United States District Court for the District of Maryland.

**2.9**     "Defendant" means Johns Hopkins University.

**2.10**     "Effective Date" means the date 30 (thirty) days after this Court's entry of the Final Approval Order granting final approval of this Second Addendum.

**2.11**     "Escrow Account" means an interest-bearing account at a financial institution previously identified by Class Counsel and approved by Defendant in which the Settlement Fund shall be deposited.

**2.12**     "Funding Date" means the date three (3) business days after the Effective Date.

**2.13**     "Final Approval Hearing" is the hearing the Court schedules to make a final determination as to whether this Second Addendum is fair, reasonable, and adequate.

4

**2.14**     "Final Judgment" or "Final Judgment and Order" means a final judgment and order of dismissal entered by the Court in this Litigation, in the form of **Exhibit B** hereto, granting final approval of this Second Addendum (including addressing Class Counsel's request for attorneys' fees, costs, and other expenses and Named Plaintiff's request for a Service Award), and entering a judgment according to the terms in this Second Addendum.

**2.15**     "Group of 8,603" means the subset of the Settlement Class to whom the Court directed notice, to whom the Settlement Administrator thereafter sent notice, and for whom the Court finally approved the Settlement Agreement; the Group of 8,603 does not include the Additional Students or the Second Group of Additional Students.

**2.16**     "Litigation" means the matter captioned *Elena Botts v. Johns Hopkins University*, No. 1:20-cv-01335-JRR, which is currently pending in the United States District Court for the District of Maryland.

**2.17**     "Named Plaintiff" means Elena Botts.

**2.18**     "Notice" means the notice (in a form substantially similar to that attached as **Exhibit C** and approved by the Court) that will be emailed or mailed to the Second Group of Additional Students, as further described in Section 4.1.3.

**2.19**     "Party" and "Parties," as used below, mean the Named Plaintiff, the Second Group of Additional Students, and the Defendant.

**2.20**     "Preliminary Approval" and "Preliminary Approval Order" mean the Court's order in the form attached hereto as **Exhibit A**, preliminarily approving the proposed Second Addendum, approving and directing the Class Notice Plan, to be executed by the Settlement Administrator.

**2.21**     "Released Parties" means the Defendant and its respective past and present employees, parents and subsidiaries and affiliate corporations or other business entities, including

but not limited to their current members, officers, directors, employees, agents, representatives, contractors, vendors, resellers, suppliers, insurers, attorneys, successors and assigns.

**2.22**    "Rider" means the certain Rider to the Addendum to Class Settlement Agreement and Release dated November 29, 2023 and filed in the Litigation at ECF 105.

**2.23**    "Second Group of Additional Students" means the 2,607 members of the Settlement Class identified by Defendant in its response to Plaintiff's Interrogatory No. 15 dated March 15, 2024.

**2.24**    "Service Award" means the one-time payment to the Named Plaintiff, for the time and resources that she has put into representing the Second Group of Additional Students, as set forth in Section 5.3.

**2.25**    "Settlement Administrator" means, subject to Court approval, JND Legal Administration.

**2.26**    "Settlement Agreement" means the Class Settlement Agreement and Release, including all attached Exhibits, filed with the Court on December 9, 2022 at ECF 85-2.

**2.27**    "Settlement Fund" means the monetary relief which Defendant has agreed to provide for the benefit of the Second Group of Additional Students, as further described in Sections 4.2.1 and 5.1.

**2.28**    "Spring 2020 Semester" means the period January 2, 2020, to June 12, 2020 and refers to the academic programming offered by Defendant during that period.

### 3.    **PRELIMINARY APPROVAL**

### 3.1    **Preliminary Approval Order**

Concurrently with this Second Addendum, the Named Plaintiff shall file with the Court a Motion for Preliminary Approval of the Second Addendum; Approval and Direction of the Class

Notice Plan; and Appointment of the Settlement Administrator. The motion shall seek entry of an Order, attached as **Exhibit A**, that would:

a)      preliminarily approve this Second Addendum;

b)      approve the proposed Class Notice Plan, including the form of Notice substantially similarly to that attached as **Exhibit C**; and

c)      appoint the Settlement Administrator.

### 3.2    Certification for Settlement Purposes Only

Nothing in this Second Addendum shall be construed as an admission by Defendant that this Litigation or any similar case is amenable to class certification for trial purposes or prevent Defendant from exercising its right(s) to terminate this Second Addendum in accordance with Section 7.

## 4.    CLASS SETTLEMENT TERMS

### 4.1    Class Notice Plan

### 4.1.1    Class List

Defendant shall provide a list of the Second Group of Additional Students to the Settlement Administrator. The Named Plaintiff, Class Counsel, and Second Group of Additional Students hereby acknowledge and agree that Defendant is providing the information referenced in this Section to the Settlement Administrator solely for the purpose of effecting the terms of this Second Addendum, and that such information shall not be used, disseminated, or disclosed by or to any other person for any other purpose. If the settlement is terminated for any of the reasons identified in Section 7, the Settlement Administrator shall immediately destroy any and all copies of the information referenced in this Section. The provisions regarding the compilation and treatment of the list referenced above are material terms of this Second Addendum. The Parties and the

Settlement Administrator also agree to treat the list as "Confidential" under the terms of the existing Stipulated Confidentiality Order filed at ECF 22.

### 4.1.2   Court Appointment and Retention of Settlement Administrator

At the Preliminary Approval hearing, the Parties will propose that the Court appoint the Settlement Administrator, as defined above. The Settlement Administrator's responsibilities shall include, but are not limited to, giving notice, obtaining new addresses for returned mail, maintaining the Settlement Website and toll-free telephone number, fielding inquiries about the Second Addendum, directing the mailing of payments to the Second Group of Additional Students, and any other tasks reasonably required to effectuate this Second Addendum. The Settlement Administrator will provide monthly updates on the status of disbursements and cashed checks to counsel for the Parties.

### 4.1.3   Class Notice

Named Plaintiff, Defendant, and the Settlement Administrator have agreed that they will jointly recommend the Notice, substantially in the form attached as **Exhibit C**, to the Court for approval. Within twenty-eight (28) days after Preliminary Approval, the Settlement Administrator will send the Notice via electronic mail to the last known email address reflected in the Class List, if there is an email address associated with the member of the Second Group of Additional Students.

If there is no email address associated with the member of the Second Group of Additional Students, or if an email bounce back is received upon attempted transmission, then the Settlement Administrator will send the Notice to the member of the Second Group of Additional Students via U.S. mail, postage prepaid, also requesting either forwarding service or change service to the last known address reflected in the Class list. Prior to mailing, the Settlement Administrator shall utilize the U.S. Postal Office's National Change of Address System.

For those members of the Second Group of Additional Students whose notice is ultimately delivered by U.S. Mail, and for up to forty-five (45) days following the mailing of the Notice via U.S. Mail (if applicable), the Settlement Administrator will re-mail the Notice via standard U.S. Mail, postage prepaid, to those members of the Second Group of Additional Students whose notices were returned as undeliverable to the extent an alternative mailing address can be reasonably located. The Settlement Administrator will first attempt to re-mail the Notice to the extent that it received an address change notification from the U.S. Postal Service. If an address change notification form is not provided by the U.S. Postal Service, the Settlement Administrator may attempt to obtain an updated address using reasonable and appropriate methods to locate an updated address.

No later than forty-five (45) days before the Final Approval Hearing, the Settlement Administrator will file proof of the mailing of the Notice with the Court.

Neither the Parties nor the Settlement Administrator will have any further obligation to send notice of the settlement to the Second Group of Additional Students other than the requirements that are outlined in this agreement.

### 4.1.4   Settlement Website

The Settlement Administrator also will maintain the Settlement Website prior to the mailing of the Notice described above. The URL for the website will be: www.JHUSpring2020Settlement.com. The Settlement Website will post important settlement documents, such as the operative Complaint, the Notice, the Settlement Agreement, the preliminary and final approval orders concerning the Group of 8,603, the Addendum, this Second Addendum, and Class Counsel's filing relating to the preliminary and final approval thereof. In addition, the Settlement Website will include a section for frequently asked questions, and procedural information regarding the status of the Court-approval process, such as an

announcement when the Final Approval Hearing is scheduled, when the Final Judgment and Order has been entered, when the Effective Date is expected or has been reached, and when payment will likely be mailed.

The Settlement Administrator will terminate the Settlement Website either: (1) one hundred and eighty (180) days after the Effective Date; or (2) thirty (30) days after the date on which the settlement is terminated or otherwise not approved by the Court. This section supersedes the Settlement Website termination timeline set forth in the Settlement Agreement and the Addendum.

### 4.1.5   CAFA Notice

The Parties agree that the Defendant has already provided notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715 on the appropriate federal and state officials. No government entity sought to intervene or otherwise participate in this matter.

### 4.1.6   Costs and Expenses

Subject to Section 4.1.5, under no circumstances will Defendant have any payment obligations to the Named Plaintiff, the Second Group of Additional Students, or Class Counsel pursuant to this Second Addendum that exceed two million twenty-three dollars and twenty-five cents ($2,000,023.25).

Within fourteen (14) days after Preliminary Approval, Defendant will advance twenty-five thousand dollars ($25,000.00) to the Settlement Administrator to effectuate the Class Notice Plan, through a deposit at the same financial institution which will hold the Escrow Account. Defendant shall receive a full credit for this payment if and when the Settlement Fund is funded, as discussed in Section 5.

**4.2**     **Settlement Consideration**

The Settlement Fund shall consist of two million twenty-three dollars and twenty-five cents ($2,000,023.25). The Settlement Fund shall be used to make automatic payments to each member of the Second Group of Additional Students as set forth in this Second Addendum.

**4.2.1**   Calculation of Distributions to the Second Group of Additional Students

Each member of the Second Group Additional Students is entitled to a portion of the total amount in the Settlement Fund (less the sum of any amount the Court awards in attorneys' fees and costs, a Service Award, and notice and administration expenses described in section 4.1.6) proportionate to the amount he or she paid Defendant in tuition and fees (including student and parent loan payments) for the Spring 2020 Semester.

This amount shall be calculated by dividing the above Settlement Fund by the sum of all amounts for tuition and fees (including student and parent loan payments) that members of the Second Group of Additional Students paid to Defendant for the Spring 2020 Semester. That quotient, expressed as a percentage, shall be multiplied by the amount each member of the Second Group of Additional Students paid to determine the appropriate distribution.

The distributions to the members of the Second Group of Additional Students described in the foregoing paragraph shall be made pursuant to the structure and payment schedule set forth in Section 5.3.1.

**4.3**     **Class Release**

**4.3.1**   Release of Claims

Upon the Effective Date, each of the members of the Second Group of Additional Students who has not validly excluded himself or herself from the Settlement Class, on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns, and all those acting or purporting to act on their behalf,

acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally, and forever settled, released, and discharged all the Released Parties of and from all claims, rights, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever arising before the effective date of the settlement, whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which he or she ever had or now has resulting from, arising out of, or regarding Defendant's Spring 2020 Semester, including, but not limited to, Defendant's ceasing in-person education and transitioning to a remote format.

Subject to the Court's approval, the members of the Second Group of Additional Students shall be bound by the settlement and all their Class Released Claims shall be dismissed with prejudice and released as against the Released Parties, even if the member of the Second Group of Additional Students never received actual notice of the settlement prior to the Final Approval Hearing, or never cashed a check received.

### 4.3.2    Waiver of Unknown Claims; General Release

The members of the Second Group of Additional Students acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they or Class Counsel now know or believe to be true with respect to the subject matter of this Litigation and the Class Released Claims, but it is their intention to, and they do upon the Effective Date of this Second Addendum, fully, finally, and forever settle and release any and all Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts, whether known or unknown.

### 4.3.3    Binding Release

Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this Second Addendum or any order entered in connection with such shall affect

the dismissal of the Litigation, the *res judicata* effect of the Final Judgment and Order, the foregoing releases, or any other provision of the Final Judgment and Order; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Second Addendum shall remain available to all Parties.

**4.3.4**   Opt-Out from Class

**4.3.4.1**   Requests for Exclusion

All members of the Second Group of Additional Students shall be given the opportunity to opt out of the Class by submitting a "Request for Exclusion." All Requests for Exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than thirty (30) days before the Final Approval Hearing. To be valid, a Request for Exclusion must be personally signed and must include: (1) the individual's name, mailing address, and telephone number; and (2) a statement substantially to the effect that: "I request to be excluded from the Settlement Class in the matter of *Elena Botts v. Johns Hopkins University*."

Notwithstanding the foregoing, no person within the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Class.

**4.3.4.2**   Verification of Opt-Outs by Settlement Administrator

The Settlement Administrator shall provide copies of the Requests for Exclusion to the Parties no later than three (3) days after they are received by the Settlement Administrator. No later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator shall provide to Class Counsel (with a copy to Defendant), who shall file it with the Court, a declaration verifying that notice has been provided to the members of the Second Group of Additional Students as set forth herein and listing all of the valid opt-outs received.

### 4.3.4.3    Effect of Opt-Out from Class

All individuals within the Second Group of Additional Students who timely submit a valid Request for Exclusion will, subject to Court approval, exclude themselves from the Settlement Class and preserve their ability to independently pursue, at their own expense, any individual claims he or she claims to have against Defendant, subject to any further defenses that can be advanced by Defendant. Any such individual within the Second Group of Additional Students who so opts out will not be bound by further orders or judgments in the Litigation as they relate to the Class. Because the settlement is being reached as a compromise to resolve this litigation, including before a final determination of the merits of any issue in this case, no individual who opts out of the Class shall be able to invoke the doctrines of *res judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation against Defendant in connection with the claims asserted by the Class.

### 4.3.5    Objections

Any member of the Second Group of Additional Student who has not opted-out in accordance with the terms above and who intends to object to this Second Addendum must file the objection in writing with the Clerk of Court no later than thirty (30) days prior to the Final Approval Hearing and must concurrently serve the objection on the Settlement Administrator, Class Counsel, and counsel for Defendant. The objection must include the following: (1) the Additional Student's full name, mailing address, and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector

intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel.

Any member of the Second Group of Additional Student who fails to timely file and serve a written objection pursuant to this Section shall not be permitted to object to the approval of the settlement or this Second Addendum and shall be foreclosed from seeking any review of the settlement or the terms of the Second Addendum by appeal or other means.

## 5.   SETTLEMENT FUND

### 5.1   Settlement Fund

By the Funding Date, Defendant shall fund the Settlement Fund by depositing two million twenty-three dollars and twenty-three cents ($2,000,023.25), less the amount provided for in Section 4.1.6, in the Escrow Account.

The Settlement Fund includes all potential amounts awarded by the Court as the total monetary consideration to the Second Group of Additional Students, inclusive of any and all payment of attorneys' fees and costs, Service Award, notice and administration expenses, and any other expenses described herein.

Defendant shall not be ordered or required to pay any other award or any other fees, costs, or expenses in addition to the above pursuant to this Second Addendum.

### 5.2   Settlement Fund Tax Status

**5.2.1**   The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Subsection, including the "relation back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the

procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**5.2.2**    For the purpose of Treasury Regulation § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns shall be consistent with this Subsection and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the respective settlement fund as provided herein.

**5.2.3**    All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund do not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Subsection (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns ("Tax Expenses")), shall be paid out of the respective settlement fund for which the income was earned or expense or cost incurred; in no event shall the Released Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses. The Settlement Administrator shall indemnify and hold the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be timely paid by the Settlement

Administrator out of the Settlement Fund without prior order from the Court, and the Settlement Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)); the Released Parties are not responsible therefore nor shall they have any liability with respect thereto. The Parties hereto agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out this Section.

   **5.3**  **Attorneys' Fees and Costs, Service Award, and Other Expenses**

  No later than forty-five (45) days prior to the Final Approval Hearing, Class Counsel shall make an application to the Court for an award of attorneys' fees and costs for their representation of the Second Group of Additional Students. That application will be posted to the Settlement Website by the Settlement Administrator within one (1) business day of its filing with the Court. The amount that will be requested by Class Counsel shall be no greater than one-third of the Settlement Fund, namely six hundred sixty-six thousand six hundred seventy-four dollars and forty-two cents ($666,674.42), which application Defendant agrees not to oppose. No later than the time Class Counsel files the application above, Class Counsel shall provide to the Settlement Administrator a properly completed W-9 Form pertaining to Class Counsel.

  No later than forty-five (45) days prior to the Final Approval Hearing, Named Plaintiff shall make an application to the Court for the Court's approval of a Service Award of three thousand seven hundred eighty-seven dollars and ninety-two cents ($3,787.92) to be paid from the Settlement Fund, which award Defendant agrees not to oppose. No later than the time Class Counsel files the application above, Class Counsel shall provide to the Settlement Administrator a properly completed W-9 Form pertaining to the Named Plaintiff.

### 5.3.1    Payment Schedule

Attorneys' fees and costs and the Service Award, subject to Court approval, shall be paid in the amount approved by the Court within three (3) business days after the Funding Date.

In addition, before commencing distribution to the Second Group of Additional Students, the Settlement Administrator shall determine the funds necessary to cover the remaining costs of notice and administration that the Settlement Administrator has already incurred, and reasonably expects to incur, in completing the Class Notice Plan set forth in this Section. The Settlement Administrator shall submit that estimate to Class Counsel and Defendant's counsel for approval. Once approved, the Settlement Administrator should withhold the estimated amount from further distribution from the Settlement Fund to cover costs of notice and administration except that in no event shall the Settlement Administrator withhold more than an amount proportionate to the average, per-Class member amount expended in connection with notice and administration of the Settlement Agreement as to the Group of 8,603 multiplied by 2,607, the number of members of the Second Group of Additional Students. Solely by way of example and for the avoidance of doubt, if the total cost of notice and administration as to the Group of 8,603 was $86,030.00, *i.e.*, the average, per-Class member cost of notice and administration was $10.00, then the Settlement Administrator shall not withhold more than $19,150.00 from the Settlement Fund for notice and administration as to the Second Group of Additional Students. Each of these costs, expenses, and distributions above should be borne from the Settlement Fund.

Within thirty (30) days after the Funding Date, the Settlement Administrator shall send the Class Member Payments out of the Settlement Fund to each member of the Second Group of Additional Students to (a) the last known mailing address reflected in the Class List or the updated address previously used during the Class Notice Plan set forth in Section 4.1.3, or (b) upon the member of the Second Group of Additional Student's affirmative election via the Settlement

Website, electronically to the email address provided by the Additional Student with his or her electronic payment election. The payment notices accompanying any paper checks shall notify the recipients that the checks must be cashed within sixty (60) days from the date on enclosed check and that the enclosed check shall not be valid after that date.

If funds remain after the initial round of automatic *pro rata* payments, a second distribution shall be made on a *pro rata* basis to the members of the Second Group of Additional Students who cashed their initial check, unless the second distribution would result in a payment of less than Ten Dollars ($10.00) per member of the Second Group of Additional Students. The payment notices accompanying the second check shall notify the recipients that the checks must be cashed within sixty (60) days from the date on the enclosed check and that the enclosed check shall not be valid after that date.

Any checks from the second distribution that are not cashed by the stale date referenced above or that were returned as undeliverable shall revert to the Escrow Account. These remaining funds shall be paid to a charitable organization to be agreed upon by the parties and submitted for the court's approval at the time of final approval as a *cy pres* award. The funds shall be distributed within fifteen (15) days of the final stale date referenced above.

## 6.     ENTRY OF FINAL JUDGMENT AND ORDER

The Parties shall jointly seek entry by the Court of a Final Judgment and Order in the form of **Exhibit B** hereto, which includes the following provisions (among others):

a)     granting final approval of this Second Addendum, and directing its implementation pursuant to its terms and conditions;

b)     ruling on Class Counsel's applications for attorneys' fees and costs;

c)     ruling on Named Plaintiff's application for a Service Award;

d)      discharging and releasing the Released Parties, and each of them, from the Class Released Claims, as provided in Section 4.3;

e)      permanently barring and enjoining all members of the Second Group of Additional Students from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Class Released Claims;

f)      directing that the Litigation be dismissed with prejudice and without costs;

g)      stating pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the Final Judgment and Order is a final, appealable order; and

h)      reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Second Addendum and the Final Judgment and Order as provided in Section 8.3.

## 7.   **<u>TERMINATION</u>**

Either Party has the right to terminate this Second Addendum, declare it null and void, and have no further obligations under this Second Addendum if any of the following conditions subsequent occurs:

a)      more than 10% of the members of the Second Group of Additional Students opt out of the Settlement Class;

b)      the Court fails to enter a Final Judgment and Order substantially consistent with the provisions of this Second Addendum;

c)      the settlement of the Class claims, or the Final Judgment and Order, is not upheld on appeal, including review by the United States Supreme Court;

d)      the Named Plaintiff, Class Counsel, or Defendant commit a material breach of the Second Addendum before entry of the Final Judgment and Order; or

e)      the entry of an order by any court that would require either material modification or termination of the Second Addendum.

If the Second Addendum is not finally approved, is not upheld on appeal, or is otherwise terminated due to the reasons set forth in this Section 7, then the Second Addendum and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Second Addendum had not been negotiated, made, or filed with the Court.

## 8.    <u>MISCELLANEOUS PROVISIONS</u>

### 8.1    <u>Best Efforts to Obtain Court Approval</u>

Named Plaintiff and Defendant, and the Parties' counsel, agree to use their best efforts to obtain Court approval of this Second Addendum, subject, however, to Defendant's rights to terminate the Second Addendum, as provided herein.

### 8.2    <u>No Admission</u>

This Second Addendum, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

a)     offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Named Plaintiff or defense asserted by Defendant, of the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing on the part of Named Plaintiff or Defendant;

b)     offered or received by or against Named Plaintiff or Defendant as a presumption, concession, admission, or evidence of any violation of any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Defendant, or of the truth of any of the allegations

in the Litigation, and evidence thereof shall not be directly or indirectly admissible, in any way, (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Second Addendum and the Final Judgment and Order including, without limitation, asserting as a defense the release and waivers provided herein;

c)       offered or received by or against Named Plaintiff or Defendant as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendant, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Second Addendum; provided, however, that if this Second Addendum is finally approved by the Court, then Named Plaintiff or Defendant may refer to it to enforce their rights hereunder; or

d)       construed as an admission or concession by Named Plaintiff, the members of the Second Group of Additional Students, or Defendant that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Litigation.

### 8.3     Court's Jurisdiction

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Second Addendum. The Court also shall retain exclusive jurisdiction over any determination of whether a subsequent suit is released by the Second Addendum.

### 8.4     Settlement Notices

Except for the Class Notice Plan, as provided for in Section 4.1 above, all other notices or formal communications under this Second Addendum shall be in writing and shall be given, with a copy by email: (1) by hand delivery; (2) by registered or certified mail, return receipt requested,

postage pre-paid; or (3) by overnight courier to counsel for the Party to whom notice is directed at the following addresses:

For Named Plaintiff and the Settlement Class:      For Defendant:

|  |  |
|---|---|
| John Soumilas | Shon Morgan |
| FRANCIS MAILMAN SOUMILAS, P.C. | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 1600 Market Street, Suite 2510 | 865 S. Figueroa St., 10th Floor |
| Philadelphia, PA 19103 | Los Angeles, CA 90017 |
| Tel. (215) 735-8600 | Tel. (213) 443-3000 |
| Fax. (215) 980-8000 | Fax (213) 443-3100 |
| jsoumilas@consumerlawfirm.com | shonmorgan@quinnemanuel.com |

Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

**8.5**     **Taxes**

Named Plaintiff and Class Counsel shall be responsible for paying all federal, state, and local taxes due on any payments made to them pursuant to the Second Addendum.

**8.6**     **Parties' Costs**

Except as otherwise provided for herein, Named Plaintiff and the Defendant shall be solely responsible for their own costs and expenses.

**8.7**     **Confidentiality of Discovery Materials and Information**

The Parties, their counsel, and any retained or consulting experts in this Litigation, agree that they remain subject to the Court's Stipulated Confidentiality Order, as appropriate.

**8.8**     **Communications with Students, Community, and Members of the Public**

Defendant reserves the right to communicate with its students, community, and members of the public about the Second Addendum in the ordinary course of its business. The Parties further agree to cooperate with each other and the Settlement Administrator in connection with any mass communications to the members of the Second Group of Additional Students or others, as may be necessary to effectuate the terms of this Second Addendum. Otherwise, Named Plaintiff and Class

23

Counsel agree not to make any public statements regarding the settlement or the Litigation as to any matters not contained in the public record of the Litigation that are inconsistent with the Class Notice or this Second Addendum.

**8.9**     **Complete Agreement**

This Second Addendum is the entire, complete agreement of each and every term agreed to by and among Named Plaintiff, the members of the Second Group of Additional Students, and Class Counsel. In entering into this Second Addendum, no Party has made or relied on any warranty or representation not specifically set forth herein. This Second Addendum shall not be modified except by a writing executed by all the Parties.

Nothing in the Settlement Agreement shall be deemed to invalidate any provision of the Addendum, this Second Addendum, and vice versa. To the extent that there is any conflict between this Second Addendum and the Settlement Agreement and/or Addendum with respect to Defendant's obligations to the Named Plaintiff, the members of the Second Group of Additional Students, and Class Counsel thereunder, the terms of this Second Addendum shall control.

**8.10**     **Headings for Convenience Only**

The headings in this Second Addendum are for the convenience of the reader only and shall not affect the meaning or interpretation of this Second Addendum.

**8.11**     **Severability**

In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, with the exception of the release in Section 4.3, this Second Addendum shall continue in full force and effect without said provision to the extent Defendant does not exercise its right to terminate under Section 7.

**8.12**   **No Party Is the Drafter**

None of the Parties to this Second Addendum shall be considered to be the primary drafter of this Second Addendum or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

**8.13**   **Binding Effect**

This Second Addendum shall be binding according to its terms upon, and inure to the benefit of, the Named Plaintiff, the members of the Second Group of Additional Students, the Defendant, the Released Parties, and their respective successors and assigns.

**8.14**   **Authorization to Enter Addendum**

The individual signing this Second Addendum on behalf of the Defendant represents that he or she is fully authorized by the Defendant to enter into, and to execute, this Second Addendum on its behalf. Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for Defendant on behalf of Named Plaintiff, and to enter into, and to execute, this Second Addendum on behalf of the Second Group of Additional Students, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e). The Named Plaintiff enters into and executes this Second Addendum on behalf of herself, and as a representative of and on behalf of the Second Group of Additional Students, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).

**8.15**   **Execution in Counterparts**

Named Plaintiff, Class Counsel, Defendant, and Defendant's counsel may execute this Second Addendum in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument. Facsimile, electronic, and scanned signatures shall be considered as valid signatures as of the date signed. This Second Addendum shall not be deemed

executed until signed by Named Plaintiff, by Class Counsel, and by counsel for and a representative of Defendant.

### 8.16   Governing Law

This Second Addendum and the Exhibits hereto will be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Maryland, and the rights and obligations of the parties to the Second Addendum will be construed and enforced in accordance with, and governed by, the substantive laws of the State of Maryland.

### 9.   SIGNATURES

**Named Plaintiff**

_____
Elena Botts

**Defendant Johns Hopkins University**

By: _____
Title: _Senior Associate General Counsel_
Terri L. Turner

**Class Counsel**

_____
John Soumilas
FRANCIS MAILMAN SOUMILAS, P.C.

**Counsel for Defendant**

_____
Shon Morgan
QUINN EMANUEL URQUHART & SULLIVAN, LLP

26

# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

ELENA BOTTS, on behalf of herself and all
others similarly situated,

       *Plaintiff,*

  v.

JOHNS HOPKINS UNIVERSITY,

       *Defendant.*

Case No. 1:20-cv-01335-JRR

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SECOND SETTLEMENT ADDENDUM AND DIRECTING NOTICE TO**
**SECOND GROUP OF ADDITIONAL CLASS MEMBERS**

Upon consideration of Named Plaintiff[1] Elena Botts's Unopposed Motion for Preliminary

Approval of Second Settlement Addendum and Order Directing Notice to the Second Group of

Additional Class Members (the "Motion"), IT IS HEREBY ORDERED:

1.      The terms of this Court's December 20, 2022 Order Preliminarily Approving

Settlement and Directing Notice to Settlement Class, ECF 89, remain in effect and are fully

incorporated herein by reference.

2.      The terms of this Court's April 20, 2023 Order finally approving the settlement

and granting Class Counsel's Motion for an Award of Attorneys' Fees and Litigation Costs and

for a Service Award, ECF 96, remain in effect and are fully incorporated herein by reference.

3.      The terms of this Court's August 8, 2023 Order Preliminarily Approving

Settlement Addendum and Directing Notice to Additional Class Members, ECF 100, remain in

effect and are fully incorporated herein by reference.

---

[1]      Capitalized terms are defined in Section 2 of the Parties' Second Addendum to Class
Settlement Agreement and Release, ECF 114-2.

4.      The terms of this Court's December 13, 2023 Orders finally approving the settlement and granting Class Counsel's Motion for an Award of Attorneys' Fees and Litigation Costs and for a Service Award, ECFs 109, 110, remain in effect and are fully incorporated herein by reference.

5.      The Settlement Class, defined as "all people who paid Defendant Johns Hopkins University tuition and/or fees for the Spring Semester 2020, which tuition and fees have not been refunded," appropriately encompasses the Second Group of Additional Students who may assert the claims alleged in Counts I and II of Named Plaintiff Elena Botts's Amended Complaint against Defendant Johns Hopkins University, *see* ECF 35.

6.      The Second Addendum to the Class Action Settlement Agreement and Release entered into between the Parties as of March 29, 2024 (the "Second Addendum"), ECF 114-2, appears, upon preliminary review, to be fair, reasonable, and adequate to the Second Group of Additional Students, *i.e.*, those members of the Settlement Class not previously provided notice. The terms of the Second Addendum are fully incorporated herein by reference.

7.      Accordingly, for settlement purposes only, the proposed Second Addendum is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

8.      The Court finds that the Second Addendum concerns 2,607 members of the Settlement Class, the Second Group of Additional Students.

9.      The Court affirms (1) its earlier findings that Named Plaintiff Elena Botts has and will continue to adequately represent the Settlement Class and (2) her appointment as class representative.

10.     The Court affirms its earlier findings that (1) the attorneys for Named Plaintiff, James A. Francis, John Soumilas, Kevin C. Mallon, and Jordan M. Sartell of Francis Mailman

Soumilas, P.C. and Courtney Weiner of the Law Office of Courtney Weiner PLLC, have and will continue to adequately represent the Settlement Class and (2) their appointment as Class Counsel.

11.    The Court affirms its earlier appointment of JND Legal Administration as the Settlement Administrator.

12.    The Court will hold a Final Approval Hearing pursuant to FED. R. CIV. P. 23(e) at ____ _.m. on _____ ___, 2024, in Courtroom ___ of the United States District Courthouse located at 101 West Lombard Street, Baltimore, Maryland for the following purposes:

A.    To determine whether the proposed Second Addendum is fair, reasonable, and adequate and should be granted final approval by the Court;

B.    To determine whether a final judgment should be entered dismissing the claims of the Second Group of Additional Students with prejudice, as required by the Second Addendum;

C.    To consider the application of Class Counsel for an award of attorney's fees and costs; and

D.    To consider the application of Class Counsel for a Service Award to the class representative.

13.    As set forth in Section 4.1.1 of the Second Addendum, Defendant shall provide a list of Settlement Class members to the Settlement Administrator, who shall send the agreed upon Notice to the Settlement Class members in accordance with the terms of the Second Addendum.

14.    The Court approves the Parties' Notice, which is attached to the Second Addendum as Exhibit C. To the extent the Parties or Settlement Administrator determine that ministerial changes to the Notice are necessary before disseminating it to the Second Group of Additional Students, they may make such changes without further application to the Court.

15.    The Court approves the Parties' Class Notice Plan, as set forth in Section 4.1.3 of the Second Addendum. The Court finds this manner of giving notice fully satisfies the requirements of FED. R. CIV. P. 23 and due process.

16.    If a member of the Second Group of Additional Students chooses to opt-out of the Settlement Class, such Class member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Notice, which shall be no later than thirty (30) days before the date of the Final Approval Hearing. The request for exclusion must include the items identified in section 4.3.4.1 of the Second Addendum. A member of the Second Group of Additional Students who submits a valid request for exclusion using the procedure identified above shall be excluded from the class for all purposes. No later than fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a declaration listing all the valid opt-outs received and shall provide the declaration and list to Class Counsel and Defendant's counsel, with Class Counsel then reporting the names appearing on this list to the Court before the Final Approval Hearing.

17.    Members of the Second Group of Additional Students who do not file a timely and valid request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

18.    Any member of the Second Group of Additional Students who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection to be filed with the Court no later than thirty (30) days prior to the Final Approval Hearing. The notice of objection shall be sent by First Class United States Mail to the Settlement Administrator, the Clerk of the Court, Class Counsel, and counsel for Defendant. The objection must include the following:

        A.     the member of the Second Group of Additional Students's full name, address and current telephone number;

        B.     if the individual is represented by counsel, the name and telephone number of counsel and, if counsel intends to submit a request for fees, all factual and legal support for that request;

        C.     all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class;

        D.     the identity of any witnesses the objector may call to testify;

        E.     a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, if any, as well as true and correct of copies of such exhibits; and

        F.     a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel.

Any member of the Second Group of Additional Students who fails to timely file and serve a written objection pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Second Addendum and shall be foreclosed from seeking any review of the settlement or the terms of the Second Addendum by appeal or other means.

    19.    All briefs, memoranda, petitions, and affidavits to be filed in support of an individual service award to the Named Plaintiff and/or in support in support of Class Counsel's application for attorneys' fees and costs, shall be filed not later than forty-five (45) days before the Final Approval Hearing. All other briefs, memoranda, petitions, and affidavits that Class Counsel intends to file in support of final approval shall be filed not later than twenty-one (21) days before the Final Approval Hearing.

20.     Neither this Preliminary Approval Order, nor the Second Addendum, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Class Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The preliminary approval of the Second Addendum does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class members (including the Second Group of Additional Students), or the Defendant.

21.     If the Second Addendum is not finally approved, is not upheld on appeal, or is otherwise terminated, the Second Addendum and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; and all parties shall stand in the same procedural position as if the Second Addendum had not been negotiated, made, or filed with the Court.

22.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Second Addendum.

Dated: _____        BY THE COURT:


_____
HONORABLE JULIE R. RUBIN
UNITED STATES DISTRICT JUDGE

# Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

ELENA BOTTS, on behalf of herself and all
others similarly situated,

   *Plaintiff*,

 v.

JOHNS HOPKINS UNIVERSITY,

   *Defendant*.

Case No. 1:20-cv-01335-JRR

### [PROPOSED] FINAL APPROVAL ORDER – THIRD PHASE

 This matter, having come before the Court on Plaintiff's Motion for Final Approval of the Second Settlement Addendum, the Court, having considered all papers filed and arguments made with respect to the settlement and being fully advised, finds that:

 1. On _____, the Court held a Final Approval Hearing, at which time the Parties[1] were afforded the opportunity to be heard in support of or in opposition to the Second Addendum to the Class Action Settlement Agreement and Release entered into between the Parties as of March 29, 2024 (the "Second Addendum"), ECF 114-2. The Court received _____ objections regarding the Second Addendum.

 2. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order Preliminarily Approving Second Settlement Addendum and Directing Notice to Second Group of Additional Class Members, ECF ___. Such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances, including the dissemination of individual notice to all

---

[1] Capitalized terms are defined in Section 2 of the Parties' Second Addendum to Class Settlement Agreement and Release, ECF 114-2.

members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

3.      As set forth in ECF 88-1, Keough Decl., at 2-3, ¶ 4, Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and finds that the notification complies fully with the applicable requirements of CAFA.

4.      The terms of the Second Addendum, ECF 114-2, are incorporated fully into this Order by reference. The Court finds that the terms of Second Addendum are fair, reasonable, and adequate in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

5.      The Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of final approval.

6.      The Court finds that the relief provided under the Second Addendum constitutes fair value given in exchange for the release of claims.

7.      The class representative and Class Counsel have adequately represented the Settlement Class, including the Second Group of Additional Students.

8.      The parties and the Settlement Class, including the Second Group of Additional Students, have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Second Addendum.

9.      The Court finds that it is in the best interests of the parties and the Settlement Class, including the Second Group of Additional Students, and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a Settlement Class member) and any Released Party which, in any way,

2

relates to the applicability or scope of the Second Addendum or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

10.     This action is a class action against Defendant Johns Hopkins University on behalf of a class of individuals that has been defined as follows (the "Settlement Class"):

> All people who paid Defendant Johns Hopkins University tuition and/or fees for the Spring Semester 2020, which tuition and fees have not been refunded.

11.     The Second Addendum submitted by the parties for the Class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Second Addendum, including the monetary relief set forth therein, shall be deemed incorporated herein and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

12.     As agreed by the parties in the Second Addendum, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Second Addendum.

13.     As agreed by the parties in the Second Addendum, upon the Effective Date, each Settlement Class member is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Class Released Claims.

14.     Upon consideration of Class Counsel's application for attorneys' fees and costs, the Court awards $666,674.42 as reasonable attorneys' fees and reimbursement for reasonable litigation costs incurred, which shall be paid from the Settlement Fund.

15.     Upon consideration of the application for a Service Award, the Named Plaintiff, Elena Botts, is awarded the sum of $3,787.92, to be paid from the Settlement Fund, for the service she has performed for and on behalf of the Settlement Class.

16.     The Court overrules any objections to the settlement. After carefully considering each objection, the Court concludes that none of the objections create questions as to whether the settlement is fair, reasonable, and adequate.

17.     Neither this Final Judgment and Order, nor the Second Addendum, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Class Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Second Addendum does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class members, or the Defendant.

18.     Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Class for any suit, action, proceeding, or dispute arising out of or relating to this Order, the Second Addendum or the applicability of the Second Addendum. Without limiting the generality of the foregoing, any dispute concerning the Second Addendum, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Second Addendum are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the

jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

19.     This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

20.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

21.     The persons listed on **Exhibit 1** hereto have validly excluded themselves from the Class in accordance with the provisions of the Second Addendum and Order Preliminarily Approving Second Settlement Addendum and Directing Notice to Second Group of Additional Class Members and are thus excluded from the terms of this Order. Further, because the settlement is being reached as a compromise to resolve this litigation, including before a final determination of the merits of any issue in this case, none of the individuals reflected on Exhibit 1 may invoke the doctrines of *res judicata*, collateral estoppel, or any state law equivalents to those doctrines in connection with any further litigation against Defendant in connection with the claims settled by the Settlement Class.

Dated:     _____          BY THE COURT:


                                            _____
                                            HONORABLE JULIE R. RUBIN
                                            UNITED STATES DISTRICT JUDGE

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ELENA BOTTS, on behalf of herself and all others similarly situated, | |
| *Plaintiff*, | |
| v. | Case No. 1:20-cv-01335-JRR |
| JOHNS HOPKINS UNIVERSITY, | |
| *Defendant*. | |

**NOTICE OF CLASS ACTION SETTLEMENT**

**This Notice is about a proposed settlement of the above class action litigation. It has been authorized by the United States District Court for the District of Maryland and contains important information about your right to participate in the settlement or exclude yourself. The following pages summarize your options, your rights, and frequently asked questions.**

**You can find more information about the settlement on the Settlement Website: www.JHUSpring2020Settlement.com**

**INTRODUCTION**

Elena Botts ("Named Plaintiff") was a student at The Johns Hopkins University ("Defendant") during the Spring 2020 Semester when Defendant transitioned to remote learning and services as a result of the COVID-19 pandemic. In May 2022, she filed this lawsuit (the "Litigation"), alleging that, among other things, Defendant breached the terms of the contract entered into with Plaintiff and similarly situated individuals when it stopped providing in-person and on-campus educational services, as well as access to certain campus services and facilities in March 2020. Named Plaintiff sought, for herself and all others similarly situated, a pro-rated refund of tuition and fees for the period that Defendant switched to remote learning and services.

Defendant contests the claims in the Litigation and denies any and all liability and wrongdoing. The Parties have decided to settle the Litigation to avoid the expense, inconvenience, and distraction of litigation. With the assistance of JAMS mediator David Geronemous, the Parties reached an agreement to resolve the claims in the Litigation on a class-wide basis, providing class-wide relief in exchange for a class-wide release of claims. The Court has not decided who is right and who is wrong or whether this case could, in the absence of settlement, proceed as a class action.

The Parties have agreed to settle the Litigation subject to the approval of the Court via a signed Second Addendum to Class Settlement Agreement and Release (the "Second Addendum"). Defendant has agreed to pay $2,000,023.25 into a Settlement Fund that will provide compensation to Settlement Class members, pay for notice and administration, provide for any approved Service

Award to Named Plaintiff, and compensate Class Counsel for any approved attorneys' fees and costs.

The Parties reached this Settlement through negotiations and mediation sessions and have presented it to the Court. As determined through that process, you are entitled to participate, and your legal rights may be affected. These rights and options are summarized below and explained in detail throughout this Notice.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **DO NOTHING** | To participate, you do not need to do anything. If the Court approves the Settlement, you will receive an electronic payment or check, at your election. You will be bound by the Final Approval Order and will release the Class Released Claims, meaning that you will not be allowed to pursue the claims raised in this Litigation against Defendant separately. |
| **EXCLUDE YOURSELF** | If you wish to exclude yourself ("opt out") from the Litigation, you must follow the directions in response to Question 7 below. If you opt out, you will not be bound by the settlement and may be able to sue Defendant yourself at your own expense. |
| **OBJECT TO THE SETTLEMENT** | If you choose to remain in the Settlement Class, you may write to the Court about why you believe the Settlement is unfair or unreasonable according to the directions in response to Question 12 below. You may request to speak to the Court about your objection at the Final Approval Hearing. If the Court overrules your objection, you will still be bound by the terms of the Settlement Agreement, but you will also receive any proceeds due to you under it. |

## FREQUENTLY ASKED QUESTIONS

**Question 1.   Why did I receive this notice?**

You received this Notice because Defendant's records show that you were enrolled as a student at Defendant in the Spring 2020 Semester affected by the COVID-19 pandemic and made a payment of tuition and/or fees. This makes you a "Settlement Class member." You are receiving this notice now because you were identified as a member of the "Second Group of Additional Students" to whom notice of this settlement was not previously provided. The Court ordered notice to be sent to you and other members of the Second Group of Additional Students.

**Question 2.   What is a class action?**

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These similarly situated people are known as Settlement Class members. In a class action, one court resolves the issues for all class members, except for

those who exclude themselves from the Class. The Honorable Julie R. Rubin, United States District Judge, is presiding over the Litigation.

**Question 3.    Why is there a settlement?**

Based upon Class Counsel's analysis and evaluation of the merits of the claims made against Defendant in the Litigation and the substantial risks associated with continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Plaintiff and Defendant entered into this proposed settlement. Class Counsel is satisfied that the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate, and that the Settlement is in the best interest of Settlement Class members.

**Question 4.    How much will I get receive if I join the Settlement?**

Each Settlement Class member who does not opt out of the Litigation will receive a proportionate share of the Settlement Fund depending upon how much in tuition and fees they paid to Defendant for the Spring 2020 Semester. These amounts include out-of-pocket payments and payments financed by student loans. Scholarships provided by Defendant do not count toward the amount considered paid, so someone who received little or no scholarship support would receive more under the Settlement Agreement than someone who received substantial scholarship support from Defendant.

**Question 5.    Who brought this lawsuit and are they being compensated?**

This lawsuit was brought by Named Plaintiff Elena Botts, who took a lead role in the Litigation and assisted in its resolution. In addition to her proportional share as described in Question 4, Class Counsel will request that the Court award her an additional $3,787.92 to reflect the time and energy she expended on behalf of herself and Settlement Class members. The Court may choose to award a different amount.

**Question 6.    What do I have to do to be included in the Settlement?**

You do not need to do anything to participate in the settlement. If you do not respond, you will receive an electronic payment or paper check payment after the Court approves the Settlement.

Additionally, the Litigation will be dismissed with prejudice and Settlement Class members who do not opt out will fully release and discharge Defendant. This means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendant regarding the claims brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. The specific claims you are giving up against Defendant are described in Section 4.3.1 of the Settlement Agreement, which can be found on the Settlement Website, www.JHUSpring2020Settlement.com.

**Question 7.   How do I exclude myself from the Settlement?**

Settlement Class members who elect to opt out of the settlement as set forth in this Agreement must submit a written, signed statement that he or she is opting out of the settlement (a "Request for Exclusion") and mail it to the Settlement Administrator as follows:

*Botts, et al. v. The Johns Hopkins University*
c/o Settlement Administrator
P.O. Box _____
CITY_, ST_ ZIP__

A Request for Exclusion must include (1) your name, mailing address, and telephone number; and (2) a statement substantially to the effect that: "I request to be excluded from the Settlement Class in the matter of *Elena Botts v. Johns Hopkins University*." All Requests for Exclusion must be postmarked no later than _____. If you exclude yourself from the Litigation, you will NOT be allowed to object to the Settlement as described in Question 12.

**Question 8.   If I remain in the Settlement Class, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any rights to sue the Defendant for claims brought in this case or which could have been brought in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if the Settlement will affect your other case. Remember, the exclusion deadline is _____.

**Question 9.   If I exclude myself, can I get money from the Settlement?**

No. If you exclude yourself, you will not receive any payment from the Settlement Fund.

**Question 10.  Do I have a lawyer in this case?**

Yes. The Court appointed the following attorneys as "Class Counsel" to represent you and the other Settlement Class members:

| | | |
|---|---|---|
| James A. Francis<br>John Soumilas<br>Jordan M. Sartell<br>FRANCIS MAILMAN<br>SOUMILAS, P.C.<br>1600 Market St., Ste. 2510<br>Philadelphia, PA 19103<br>(215) 735-8600 | Kevin C. Mallon<br>FRANCIS MAILMAN<br>SOUMILAS, P.C.<br>One Liberty Plaza, Ste. 2301<br>New York, NY 10006<br>(646) 759-3663 | Courtney Weiner<br>LAW OFFICE OF COURTNEY<br>WEINER PLLC<br>1629 K Street NW, Ste. 300<br>Washington, DC 20006<br>(202) 827-9980 |

You will not be charged for these lawyers. You will not be charged for calling, emailing, or speaking confidentially to Class Counsel. You are permitted to call Class Counsel with any questions and such communications will be confidential and protected. Class Counsel's fees are being paid from the total settlement fund as part of the Settlement and are subject to the approval

of the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Question 11.  How will the lawyers be paid?**

Class Counsel will ask the Court to approve a payment of attorney's fees and costs of no more than $666,674.42, which represents one-third of the Settlement Fund. This payment is to compensate Class Counsel for the work they have performed in the Litigation including filing pleadings and briefs, investigating the facts, conducting discovery, attending court conferences, participating in settlement discussions, and negotiating and overseeing the settlement.

**Question 12.  How do I tell the Court that I don't like the Settlement?**

If you wish to present your objection to the Court, you must state your intention to do so in a written statement. Your statement should be as detailed as possible, otherwise the Court may not allow you to present reasons for your objection that you did not describe in your written objection. The statement must include: (1) the Settlement Class member's full name, mailing address, and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Your objection may not be heard unless it is submitted timely or postmarked by _____, and mailed to the Settlement Administrator at:

*Botts, et al. v. The Johns Hopkins University*
c/o Settlement Administrator
P.O. Box _____
CITY_, ST_ ZIP_

The Settlement Administrator will share your objection with Class Counsel and Defendant's counsel and file your objection statement with the Court, and may request an opportunity to speak with you before any conference or hearing with the Court. You may not object to the Settlement if you submit a letter requesting to exclude yourself or opt out of the Settlement.

**Question 13.  What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement ("opting out") is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

If you send an objection, it is not necessary for you to come to Court to talk about it, but you may do so at your own expense or pay your own lawyer to attend. As long as you mailed your written objection on time, the Court will consider it. If you do attend the hearing, it is possible that you

will not be permitted to speak unless you timely object in writing as described above and notify the Court of your intention to appear at the fairness hearing.

**Question 14.  Has the Court approved the Settlement?**

The Court has granted preliminary approval of the Settlement and anticipates making a final determination after Notices are sent. The Court will ultimately consider whether the terms of the settlement are fair, reasonable, and adequate – after reviewing submissions by the Parties, which are publicly available via Pacer.gov and will be posted on the Settlement Website, www.JHUSpring2020Settlement.com.

However, if you wish to raise a valid concern, you should alert the attorneys and they can appear at a Final Approval Hearing conference before the Court on _____ ___, 2024, at __:__ am/pm, in Courtroom ___ of the United States Courthouse located at 101 West Lombard Street, Baltimore, Maryland, 21201 if your issue is not resolved to your satisfaction with the attorneys. If there are objections, the Court will consider them. The Judge will decide whether to listen to any issues that are properly raised.

**Question 15.  Are there more details about the Settlement?**

This Notice summarizes the proposed settlement Addendum. More details are in the Addendum, which can be found on the Settlement Website, www.JHUSpring2020Settlement.com.