UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ELENA BOTTS, on behalf of herself and all others similarly situated,<br><br>          *Plaintiff*,<br><br>     v.<br><br>JOHNS HOPKINS UNIVERSITY,<br><br>          *Defendant*. | Case No. 1:20-cv-01335-JRR |

# FINAL APPROVAL ORDER – THIRD PHASE

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the Second Settlement Addendum (ECF No. 119; the "Motion"), the Court, having considered all papers filed and arguments made with respect to the settlement and being fully advised, finds that:

1. On July 31, 2024, the Court held a Final Approval Hearing, at which time the Parties[1] were afforded the opportunity to be heard in support of or in opposition to the Second Addendum to the Class Action Settlement Agreement and Release entered into between the Parties as of March 29, 2024 (the "Second Addendum"), ECF 114-2. The Court received no objections regarding the Second Addendum.

2. Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Order Preliminarily Approving Second Settlement Addendum and Directing Notice to Second Group of Additional Class Members, ECF 115. Such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances, including the dissemination of individual notice to all

---

[1] Capitalized terms are defined in Section 2 of the Parties' Second Addendum to Class Settlement Agreement and Release, ECF 114-2.

members who can be identified through reasonable effort; and satisfies Rule 23(e) and due process.

3. As set forth in ECF 88-1, Keough Decl., at 2-3, ¶ 4, Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and finds that the notification complies fully with the applicable requirements of CAFA.

4. The terms of the Second Addendum, ECF 114-2, are incorporated fully into this Order by reference. The Court finds that the terms of Second Addendum are fair, reasonable, and adequate in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

5. The Court has considered the factors enumerated in Rule 23(e)(2) and finds they counsel in favor of final approval.

6. The Court finds that the relief provided under the Second Addendum constitutes fair value given in exchange for the release of claims.

7. The class representative and Class Counsel have adequately represented the Settlement Class, including the Second Group of Additional Students.

8. The parties and the Settlement Class, including the Second Group of Additional Students, have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Second Addendum.

9. The Court finds that it is in the best interests of the parties and the Settlement Class, including the Second Group of Additional Students, and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a Settlement Class member) and any Released Party which, in any way,

relates to the applicability or scope of the Second Addendum or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

10. This action is a class action against Defendant Johns Hopkins University on behalf of a class of individuals that has been defined as follows (the "Settlement Class"):

> All people who paid Defendant Johns Hopkins University tuition and/or fees for the Spring Semester 2020, which tuition and fees have not been refunded.

11. The Second Addendum submitted by the parties for the Class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Second Addendum, including the monetary relief set forth therein, shall be deemed incorporated herein and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

12. As agreed by the parties in the Second Addendum, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Second Addendum.

13. As agreed by the parties in the Second Addendum, upon the Effective Date, each Settlement Class member is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Class Released Claims.

14. Upon consideration of Class Counsel's application for attorneys' fees and costs, the Court awards $666,674.42 as reasonable attorneys' fees and reimbursement for reasonable litigation costs incurred, which shall be paid from the Settlement Fund.

15. Upon consideration of the application for a Service Award, the Named Plaintiff, Elena Botts, is awarded the sum of $3,787.92, to be paid from the Settlement Fund, for the service she has performed for and on behalf of the Settlement Class.

16. The Court overrules any objections to the settlement. After carefully considering each objection, the Court concludes that none of the objections create questions as to whether the settlement is fair, reasonable, and adequate.

17. Neither this Final Judgment and Order, nor the Second Addendum, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Class Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Second Addendum does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class members, or the Defendant.

18. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Class for any suit, action, proceeding, or dispute arising out of or relating to this Order, the Second Addendum or the applicability of the Second Addendum. Without limiting the generality of the foregoing, any dispute concerning the Second Addendum, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Second Addendum are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the

jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

19.     The Motion (ECF No. 119), therefore, shall be, and is hereby, GRANTED; and this action shall be, and is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

20.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment and close this case.

Dated: July 31, 2024                            BY THE COURT:

/S/

_____
HONORABLE JULIE R. RUBIN
UNITED STATES DISTRICT JUDGE